UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NELVA WILSON** | **CASE NO. 6:21-CV-01224** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DANIEL M LANDRY III ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to FRCP Rule 12(B)(1) and 12(B)(6)" [Doc. 11], filed by defendant Judge Laurie A. Hulin, who moves for the Court to dismiss Nelva Wilson's claims asserted against her. The Plaintiff has not filed an opposition to this motion; thus, the Court considers the motion unopposed. However, the Court will address the issues raised in the motion.

## BACKGROUND

This matter arises out of a *Petition for Executory Process with Appraisal* originally filed against Nelva Wilson in the Fifteenth Judicial District Court, Vermillion Parish, docket number 102469-G, captioned "*All-State Credit Plan, LLC v. Nelva Huntley*" ("*All-State Credit Plan*"), filed on October 17, 2016. Doc. 11-1. Judge Laurie Hulin presided over this proceeding. *Id.* On June 13, 2021, Wilson filed a *Notice of Removal to United States District Court.* Doc. 3. Wilson alleges that Judge Hulin ignored certain "undisputed" facts in the foreclosure case. Wilson asserts that Judge Hulin and other actors acted with deliberate indifference when they conspired to steal Wilson's property while illegally

acting as third-party debt collector pretending to be collecting on behalf of some third-party corporation/lender. *Id.*

As it pertains to Judge, Wilson seeks the following relief: (1) statutory, compensatory, and punitive damages in the amount of $20,000,000, (2) legal expenses in the amount of $25,000, and (3) that her alleged debt be discharged. *Id.* Judge Hulin now appears and brings the instant *Motion to Dismiss.*

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but

challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## **LAW & ANALYSIS**

### *a. Subject Matter Jurisdiction*

Judge Hulin first argues that Wilson's Official Capacity damages claims against Judge Hulin are barred by the Eleventh Amendment. Pursuant to the Eleventh Amendment of the United States Constitution, a state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This precept applies equally to any state law claims brought against a state in federal court. *Richardson v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). Judge Hulin also argues that the United States Supreme Court has made it clear that a claim against a state official in his or her official capacity for monetary damages in treated as a claim against the State and is therefore barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Judge Hulin argues that a Louisiana state judge sued in his or her official capacity is entitled to the protections of the Eleventh Amendment. *Price v. Irons*, #19-11451, 2020 WL 1638376, *3 (E.D. La. 4/2/2020).

Judge Hulin additionally asserts that Wilson's claims are barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir. 1994)(citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments," as well as review of claims that are "inextricably intertwined" with the state court judgment. *Exxon-Moil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 28 (2005).

Judge Hulin argues that here, Wilson is a state-court litigant plainly requesting this Court to enter various forms of relief pertaining to the *All-State Credit Plan* petition. Doc. 11-1. Wilson indicates that Judge Hulin presided over the foreclosure case (*All-State Credit Plan*) against Wilson, ultimately dismissed Wilson's "jurisdictional challenge," failed to follow the FDCPA, federal law, and wrongfully foreclosed Wilson's property. Judge Hulin points out that in a direct attack against Judge Hulin's actions, Wilson seeks damages and equitable relief against Judge Hulin. This relief sought is "inextricably intertwined" with any underlying state-court orders issued by Judge Hulin. As such, Wilson's claims against Judge Hulin are barred by the *Rooker-Feldman* doctrine.

### b. *Failure to State a Claim for Relief against Judge Hulin*

Judges have absolute immunity for judicial acts performed within their jurisdiction. *Hale v. Harney*, 786 F. 2d 688, 690 (5th Cir. 1986). Judge Hulin asserts that she is entitled to absolute immunity in this case. Wilson's allegations against Judge Hulin arise out of an ongoing state court case in which Judge Hulin presided. Wilson's claims for damages against Judge Hulin rest on judicial acts taken by Hulin as a judge. Judge Hulin argues that as there are no substantive allegations to demonstrate that Judge Hulin performed any act outside her role as judge, Wilson's claims for damages against Judge Hulin are barred by judicial immunity, and should be dismissed with prejudice.

The Court agrees with Judge Hulin that the claims against her are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine and as such Wilson's claims against Judge Hulin will be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [Doc. 11] will be granted, and Plaintiff's claims against Judge Laurie Hulin will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers this 4th day of May, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**