UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**NELVA WILSON**                                    **CASE NO.  6:21-CV-01224**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**DANIEL M LANDRY III ET AL**                       **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to FRCP Rule 12(B)(1) and 12(B)(6)" filed by defendants All-State Credit Plan, LLC, Daniel M. Landry III, Christian B. Landry, and the Landry Law Firm (collectively "Defendants"). The Plaintiff has not filed an opposition to this motion; thus, the Court considers the motion unopposed. However, the Court will address the issues raised in the motion.

### BACKGROUND

This matter arises out of a *Petition for Executory Process with Appraisal* originally filed against Nelva Wilson in the Fifteenth Judicial District Court, Vermillion Parish, docket number 102469-G, captioned "*All-State Credit Plan, LLC v. Nelva Huntley*" ("*All-State Credit Plan*"), filed on October 17, 2016. Doc. 11-1. Judge Laurie Hulin presided over this proceeding. *Id.* On June 13, 2021, Wilson filed a *Notice of Removal to United States District Court*. Doc. 3. Wilson alleges that Judge Hulin ignored certain "undisputed" facts in the foreclosure case. Wilson asserts that Judge Hulin and other actors acted with deliberate indifference when they conspired to steal Wilson's property while illegally

acting as third-party debt collector pretending to be collecting on behalf of some third-party corporation/lender. *Id.*

As it pertains to Defendants, All-State Credit Plan, LLC, Daniel M. Landry III, Christian B. Landry, and the Landry Law Firm; Wilson is seeking the following relief: (1) this Court void the foreclosure sale process; (2) declare the actions of Defendants to be unfair and deceptive business practices in violation of Federal Laws, and Federal Security systems; (3) to have the alleged debts discharged; (4) be awarded compensatory and putative damages in the amount of $60,000,000.00; (5) consequential damages in the amount determined at trial; (6) this Court award fees and costs pursuant to the written load agreements which bind the defendants; and (7) all other relief that may be just or equitable. Doc. 1 *Wilson Petition*; Doc 20-1 *Memorandum in Support of Motion to Dismiss.*

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880

(5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## LAW & ANALYSIS

Defendants argue that Wilson's claims are barred by the *Rooker Feldman* Doctrine. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," as well as review of claims that are "inextricably intertwined" with the state court judgment. *Exxon-Moil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280 (2005).

Defendants argue that here, Wilson is a State Court loser complaining of injuries allegedly caused by a valid Executory Process proceeding in State Court. Wilson attempted to enjoin the foreclosure and then later lost that injunction and a judgment was issued against her. Once that remedy was exhausted, she turned to Federal District Court in an attempt to take another bite at the apple.

The *Rooker-Feldman* doctrine bares a losing party in State Court "from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's

federal rights." *Id* at 287. Defendants point out that the correct avenue for Wilson would have been to file a suspensive appeal in the State appellate courts. However, she failed to do so timely, which makes the denial of her claims against defendants a final judgment.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [Doc. 20] will be granted.

**THUS DONE AND SIGNED** in Chambers this 18th day of May, 2022.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**